1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND PAUL NELSON,

11           Plaintiff,                    No. CIV S-06-1289 LKK DAD P

12        vs.

13   D.L. RUNNELS, et al.,

14           Defendants.                   ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to the undersigned in accordance with Local Rule 72-302

19   and 28 U.S.C. § 636(b)(1).

20           The court finds that plaintiff's in forma pauperis application makes the showing

21   required by 28 U.S.C. § 1915(a).  Plaintiff's application to proceed in forma pauperis will

22   therefore be granted.

23           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $0.93 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

1

1   Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty

2   percent of the preceding month's income credited to his prison trust account.  These payments

3   must be forwarded by the appropriate agency to the Clerk of the Court each time the amount in

4   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

5          Plaintiff has sued dozens of staff employed at High Desert State Prison.  Federal

6   courts are required to screen all complaints brought by prisoners seeking relief against any

7   governmental entity or any officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss claims that are legally "frivolous or malicious," claims that

9   fail to state a claim upon which relief may be granted, and claims that seek monetary relief from

10  defendants who are immune from such relief.  See 28 U.S.C. § 1915A(b)(1) and (2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18         Claims should be dismissed for failure to state a claim upon which relief may be

19  granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the

20  claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

21  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  For

22  purposes of reviewing a complaint under this standard, the court must accept as true the

23  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

24  (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

25  resolve doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  /////

1        The Civil Rights Act under which this action was filed provides as follows:

2        Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the
3        deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at
4        law, suit in equity, or other proper proceeding for redress.

5   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6   actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  See

7   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8   (1976).

9        "A person 'subjects' another to the deprivation of a constitutional right, within the

10  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

11  omits to perform an act which he is legally required to do that causes the deprivation of which

12  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

13  personnel are generally not liable under § 1983 for the actions of their employees under a theory

14  of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

15  causal link between him and the claimed constitutional violation must be specifically alleged.

16  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

17  (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

18  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

19  266, 268 (9th Cir. 1982).

20       Plaintiff has captioned his pleading "Complaint – V.C.G.C.B." followed by an

21  unintelligible citation and the phrase "Responsibility of all the Employees Named in Statement's

22  [sic]."  In the section of the caption designated for defendants' names, plaintiff has listed D.L.

23  Runnels, Warden of High Desert State Prison ("HDSP"); M. McDonald, Acting Chief Deputy

24  Warden of HDSP; M. Wright, Acting Facility Captain at HDSP; and M. Dangier, Correctional

25  Counselor I.  On the second page of the form, in the section in which the plaintiff is required to

26  provide the full name of each defendant and the defendant's position and place of employment,

1   plaintiff has listed the same four defendants along with Sergeant Amero, Sergeant A. Smith,

2   Sergeant Willcost, "the 3rd Watch acting participating lieutenant, all other correction officers

3   named in this case filed in letter and documents submitted." (Compl. at 2.)

4            Plaintiff is advised that all defendants must be identified in the caption of his

5   pleading, and all defendants must be named, with position and place of employment, in the

6   section of the form designated for that purpose.  The court will not search through plaintiff's 97-

7   page filing to discover the names of additional defendants.  The court will screen plaintiff's

8   complaint solely with regard to claims alleged against the four defendants listed in the caption

9   and the three additional defendants named on the second page of the pleading.

10            In the section of the complaint in which the plaintiff is required to set forth a brief

11   statement of the facts of the case, describing how each defendant is involved and including dates

12   and places without legal argument, plaintiff offers the following wholly inadequate statement of

13   his claim:

14            Public Health and Welfare 42 USC § 1983 Civil Rights Section
             1983 of Title 42 United States Code Key 1213.10.  The Eighth
15           Amendment of the United States Constitution protects prisoners
             against cruel and unusual punishment during confinement that led
16           to injury.

17   (Compl. at 3.)  In the section in which the plaintiff is required to set forth the relief he seeks,

18   plaintiff has entered:  "California Victim's Compensation for responsible for damage and the

19   circumstances that led to injury:  (See) Government claims forms and letter of facts."  (Id.)

20            Plaintiff's 3-page form complaint is dated June 8, 2006.  The form complaint is

21   followed by a 14-page attachment dated October 2, 2005, and 80 pages of exhibits.

22            In the 14-page attachment, plaintiff begins with four pages of conclusory

23   contentions.  He invokes the Eighth Amendment, the First Amendment, the federal Religious

24   Land Use and Institutionalized Persons Act, and numerous state law provisions.  Plaintiff asserts

25   that staff have punished him for failure to comply with grooming standards despite the fact that

26   he is exercising his rights to express and exercise his religion.  (Compl. at 4-7.)

4

1    In subsequent pages, plaintiff alleges the following facts:  on June 25, 2003, he

2    was transferred from CSP-Solano, a level 3 institution, to HDSP, a level 4 institution, for failing

3    to comply with grooming standards after CSP-Solano staff "stockpiled" disciplinary violations

4    and increased his points from 32 to 62; at HDSP, he has suffered unfavorable decisions

5    concerning his classification and housing, has received inconsistent access to yard, showers, and

6    religious services, and has been threatened repeatedly with retaliatory transfers to a more

7    dangerous yard at HDSP; on July 19, 2005, he and his cellmate were transferred, despite their

8    protests concerning safety, from B yard to D yard; defendant Sergeant Smith refused to listen to

9    the inmates' assertions concerning their safety and forced them to go to D yard; on D yard,

10   plaintiff and his cellmate were each assaulted on August 9, 2005, in separate incidents about half

11   an hour apart; plaintiff received a broken nose and injuries to his eye and head, with a possible

12   cracked right cheek bone; he was rushed to the emergency care unit but did not receive proper

13   medical care; he and his cellmate were transferred back to B yard for their safety;   Plaintiff's

14   allegations concerning various interviews, classification committee hearings, and inmate appeals

15   do not indicate any further harm to plaintiff.  (Compl. at 7-17.)

16          The undersigned finds that plaintiff's complaint appears to state a cognizable

17   Eighth Amendment claim against defendant Sergeant A. Smith.  Plaintiff has not alleged any

18   facts at all against defendant Runnels and has not alleged facts that show any constitutional

19   violation by defendants McDonald, Wright, Dangier, Amero, and Willcost.  Although plaintiff

20   has stated a cognizable claim against defendant A. Smith, plaintiff has not requested relief that

21   can be obtained from that defendant in this court.  Plaintiff's characterization of his pleading as a

22   "Complaint - V.C.G.C.B." and his request for compensation from "California Victims

23   Compensation" appear to reflect plaintiff's erroneous belief that this federal court is a forum in

24   which he can obtain monetary compensation from a state administrative agency.

25          The court finds that all of plaintiff's claims must be dismissed.  Plaintiff has not

26   properly identified all defendants, has not alleged specific facts showing that each defendant

1  violated one or more of plaintiff's federal rights, and has not requested relief that can be granted

2  in this court.  The allegations in plaintiff's complaint are so vague and conclusory with regard to

3  most of plaintiff's claims that the court cannot determine whether this action is frivolous or fails

4  to state a claim for relief.  The court has determined, however, that the complaint does not

5  contain the short and plain statement required by Rule 8 of the Federal Rules of Civil Procedure.

6  Although the Federal Rules adopt a flexible pleading policy, every complaint must give each

7  defendant fair notice of the claims against him or her and the specific conduct on which the

8  claims are based.  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

9  Plaintiff must allege with at least some degree of particularity specific acts or omissions by each

10  defendant that support plaintiff's legal claims against that defendant.  See id.

11          Because plaintiff has not complied with the requirements of Rule 8, the complaint

12  must be dismissed.  The court will, however, grant leave to file an amended complaint that cures

13  the defects of the original complaint.  If plaintiff files an amended complaint, the pleading must

14  show how the conditions and acts complained of resulted in a deprivation of one or more of

15  plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended

16  complaint must allege in specific terms how each named defendant was involved with the

17  violations of his rights.

18          The court cannot refer to plaintiff's original pleading in order to make his

19  amended complaint complete.  An amended complaint must be complete in itself without

20  incorporating or referring to any prior pleadings.  See Local Rule 15-220.  An amended

21  complaint filed pursuant to this order will supersede plaintiff's original complaint.  See Loux v.

22  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

23  pleading will no longer serve any function in the case.  Accordingly, in an amended complaint, as

24  if it were the original complaint filed in this action, plaintiff must fully identify each defendant in

25  the caption and in the appropriate section of the complaint and fully allege each claim against

26  each defendant.

1    Plaintiff's complaint was accompanied by a motion for appointment of counsel.

2  The United States Supreme Court has ruled that district courts lack authority to require counsel

3  to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

4  296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary

5  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

6  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present

7  case, the court does not find the required exceptional circumstances.  Plaintiff's motion for

8  appointment of counsel will therefore be denied.

9    Plaintiff has submitted a series of inappropriate filings.  On July 14, 2006,

10 plaintiff filed a document titled "Motion to Adopt and File Proceeding Documents."  Plaintiff

11 asks the court to "adopt and file these documents in his case as a [sic] action served."  Attached

12 are 36 pages of exhibits.  Plaintiff is advised that he should retain evidentiary material in his own

13 possession.  The court is not a repository for the parties' documents, and plaintiff should refrain

14 from attached evidentiary material to his amended complaint.  If plaintiff files an amended

15 complaint that states at least one cognizable claim against at least one defendant and seeks

16 appropriate relief from that defendant, plaintiff will be permitted to proceed with this case.

17 Plaintiff's evidence should be submitted to the court only when needed to support an appropriate

18 motion by plaintiff, to support plaintiff's opposition to a motion filed by a defendant, or to prove

19 plaintiff's claims at trial.  Plaintiff's motion will be denied.

20    On September 20, 2006, plaintiff filed a document titled "For clarification of

21 Status of (VCGCB) Victim Compensation and Government Claims Board (Denial) and to

22 Expand Motions."  This unsigned document appears to be a supplement to plaintiff's motion for

23 appointment of counsel.  The motion will be denied.

24    On September 25, 2006, plaintiff filed a document titled "Verification of 602

25 Appeals Which Has a Significant Adverse Affect on Petitioner."  Plaintiff's list of appeals

26 refused by staff is not needed at this time, and the document will be disregarded.

1         On October 4, 2006, plaintiff filed a document titled "'Proof' (First Amendment

2 Religious Liberty) See Complaint page B of 1 of 12 in plaintiff lawsuit case under the Civil

3 Rights Act 42 U.S.C. § 1983."  If plaintiff attempts to allege a First Amendment or RLUIPA

4 claim against any defendant in his amended complaint, plaintiff should allege facts concerning

5 his religion, his religious sincerity, and the practice of his religion, but he should not submit

6 separate proof or documentation.  The document titled "Proof" will be disregarded.

7         In accordance with the above, IT IS HEREBY ORDERED that:

8         1.  Plaintiff's June 12, 2006 application to proceed in forma pauperis (#2) is

9 granted.

10         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

11 Plaintiff is assessed an initial partial filing fee of $0.93.  All fees shall be collected and paid in

12 accordance with this court's order to the Director of the California Department of Corrections

13 and Rehabilitation filed concurrently herewith.

14         3.  Plaintiff's June 12, 2006 motion for appointment of counsel (#3) is denied.

15         4.  Plaintiff's July 14, 2006 motion to adopt and file documents (#6)  is denied.

16         5.  Plaintiff's September 20, 2006 motion for clarification of status and to expand

17 motions (#7) is denied.

18         6.  Plaintiff's September 25, 2006 verification of inmate appeals (#8) will be

19 disregarded.

20         7.  Plaintiff's October 4, 2006 proof regarding religious sincerity (#9) will be

21 disregarded.

22         8.  Plaintiff's complaint is dismissed with leave to amend.

23         9.  Plaintiff is granted thirty days from the date of service of this order to file an

24 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

25 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must be

26 submitted on the form provided with this order, must bear the case number assigned to this

1   action, and must be labeled "Amended Complaint"; plaintiff's failure to file an amended

2   complaint in accordance with this order, or to seek an extension of time to do so, will result in a

3   recommendation that this action be dismissed without prejudice.

4         10.   The Clerk of the Court is directed to send plaintiff, with his copy of this

5   order, a copy of the form complaint to be used by a prisoner seeking relief under the Civil Rights

6   Act; the Clerk shall remove the in forma pauperis application from the form packet, as plaintiff

7   has been granted leave to proceed in forma pauperis and no further application is needed.

8   DATED: January 29, 2007.

9

10            DALE A. DROZD

11            UNITED STATES MAGISTRATE JUDGE

12  DAD:13
    nels1289.14+31

13

14

15

16

17

18

19

20

21

22

23

24

25

26