1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND PAUL NELSON,

11          Plaintiff,                    No. CIV S-06-1289 LKK DAD P

12      vs.

13   D.L. RUNNELS, et al.,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed March 22, 2007, plaintiff's amended

18   complaint was dismissed with leave to file a second amended complaint.  Plaintiff has filed a

19   second amended complaint.  Therein plaintiff identifies twenty defendants.  The court finds that

20   plaintiff's second amended complaint appears to state cognizable claims for relief pursuant to 42

21   U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Amero, Briddle, Dangler, Garbutt,

22   James, Kirk, Nielson, Smith, and Walker.  If the allegations of the second amended complaint are

23   proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

24          The court also finds that plaintiff's complaint does not state a cognizable claim

25   against defendants Woodford, Armoskus, Brewer, Domowdon, Felker, Grannis, John Doe 1,

26   John Doe 2, Kelly, Pottor, and Wolcot.  The court previously advised plaintiff that he was

1

1  required to allege with at least some degree of particularity overt acts which each defendant

2  engaged in that support his claims.  Plaintiff has failed to allege any specific causal link between

3  the actions of these defendants and the claimed constitutional violations.

4      Also before the court are several requests from plaintiff.  Plaintiff has filed a

5  document styled "Injunction 'and' Supplementary Report" as well as a "Motion for Transfer,

6  Injunction Relief."  The court has construed the documents as requests for a preliminary

7  injunction.  The legal principles applicable to a request for injunctive relief are well established.

8  To prevail, the moving party must show either a likelihood of success on the merits and the

9  possibility of irreparable injury, or that serious questions are raised and the balance of hardships

10  tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692,

11  700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th

12  Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point

13  being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any

14  formulation of the test, plaintiff must demonstrate that there exists a significant threat of

15  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

16  court need not reach the issue of likelihood of success on the merits.  Id.

17      Plaintiff's requests are defective, premature, and without merit and will be denied

18  without prejudice.  First, plaintiff's requests for injunctive relief do not comply with the Local

19  Rules of Court.  Plaintiff is advised that the court will not entertain any future request or motion

20  for injunctive relief that is not supported by (1) a declaration under penalty of perjury on the

21  question of irreparable injury, (2) a memorandum of points and authorities addressing all legal

22  issues raised by the motion, and (3) evidence of notice to all persons who would be affected by

23  the order sought.  See Local Rule 65-231.

24      Second, plaintiff's requests are premature.  No defendants have been served at this

25  time and thus have not been provided an opportunity to respond to plaintiff's allegations.  See

26  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal

2

1  court may issue an injunction if it has personal jurisdiction over the parties and subject matter

2  jurisdiction over the claim; it may not attempt to determine the rights of persons not before the

3  court."). In addition, plaintiff is advised that he may only seek injunctive relief against

4  individuals who are named as defendants in this action. In plaintiff's first request styled

5  "Injunction 'and' Supplementary Report," for example, he complains about the actions of

6  Captain Gower. However, plaintiff has not named Gower as a defendant in this action. This

7  court is unable to issue an order against individuals who are not parties to a suit pending before

8  it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

9          Third, plaintiff's requests are vague, conclusory, and without merit. Specifically,

10  in plaintiff's first request, he complains about possibly being moved to a different yard. While

11  plaintiff states that he previously had an incident on that yard he has offered no evidence that he

12  faces any real or immediate threat at this time. Speculative injury does not constitute irreparable

13  harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's

14  Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Plaintiff also complains

15  about his work schedule interfering with his religious services. He notes that he has asked his

16  supervisors that he be allowed to attend Sunday services, but they have not accommodated him.

17  He explains that while putting on his work clothes, Sergeant Harnden came out of his office and

18  told him to go home. It is unclear from plaintiff's vague and conclusory allegations whether he

19  subsequently returned to the same job after this alleged incident or was terminated or transferred

20  to a new position. Nevertheless, plaintiff subsequently informed the court that he has changed

21  jobs several times since then and is now working in the main kitchen. Thus, any claim plaintiff

22  may have had of a possibility of irreparable injury and for immediate relief against his

23  supervisors, appears to have been rendered moot.

24          In plaintiff's second request, styled a "Motion for Transfer, Injunction Relief,"

25  plaintiff complains that he has been repeatedly transferred and has been informed that he may be

26  transferred out of state. He contends that he is being transferred in retaliation for filing his

3

1   complaint in this civil action.  It is well-established that both litigation in this court and filing

2   administrative grievances are protected activities, and it is impermissible for prison officials to

3   retaliate against prisoners for engaging in these activities.  See Rhodes v. Robinson, 408 F.3d

4   559, 568 (9th Cir. 2005).  As the Ninth Circuit has explained:

5
> Within the prison context, a viable claim of First Amendment
6    retaliation entails five basic elements: (1) An assertion that a state
> actor took some adverse action against an inmate (2) because of (3)
7    that prisoner's protected conduct, and that such action (4) chilled
> the inmate's exercise of his First Amendment rights, and (5) the
> action did not reasonably advance a legitimate correctional goal.

8

9   Rhodes, 408 F.3d at 567-68.  Here, plaintiff's vague and conclusory allegations fail to support a

10   retaliation claim nor do they establish the existence of a significant threat of irreparable injury.

11   In his one-page motion, plaintiff has not specified any defendants who have engaged in the

12   alleged retaliatory actions, explained how his First Amendment rights have been chilled, or

13   addressed whether any of the alleged retaliatory acts reasonably advanced a legitimate

14   correctional goal.  Plaintiff simply argues, without more, that prison officials have transferred

15   and moved him throughout High Desert State Prison in retaliation for filing his civil rights

16   complaint.  Plaintiff is advised that not every allegedly adverse action is sufficient to support a

17   claim for retaliation.  See, e.g., Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000)

18   (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this,

19   therefore because of this.").

20       In sum, plaintiff's requests for injunctive relief are defective and premature.  In

21   addition, plaintiff has not shown a likelihood of success on the merits and the possibility of

22   irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in

23   the his favor.  Accordingly, the court will deny plaintiff's requests for injunctive relief without

24   prejudice.

25       Finally, plaintiff has filed a request for appointment of counsel.  The United States

26   Supreme Court has ruled that district courts lack authority to require counsel to represent

1  indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298

2  (1989).  In certain exceptional circumstances, the district court may request the voluntary

3  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017

4  (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

5           The test for exceptional circumstances requires the court to evaluate the plaintiff's

6  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

7  light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,

8  1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

9  common to most prisoners, such as lack of legal education and limited law library access, do not

10  establish exceptional circumstances that would warrant a request for voluntary assistance of

11  counsel.  In the present case, the court does not find the required exceptional circumstances.

12           In accordance with the above, IT IS HEREBY ORDERED that:

13           1.  Service of the second amended complaint is appropriate for the following

14  defendants: Amero, Briddle, Dangler, Garbutt, James, Kirk, Nielson, Smith, and Walker.

15           2.  The Clerk of the Court shall send plaintiff 9 USM-285 forms, one summons,

16  an instruction sheet, and a copy of the second amended complaint filed April 11, 2007.

17           3.  Within thirty days from the date of this order, plaintiff shall complete the

18  attached Notice of Submission of Documents and submit all of the following documents to the

19  court at the same time:

20                    a.  The completed, signed Notice of Submission of Documents;

21                    b.  One completed summons;

22                    c.  One completed USM-285 form for each defendant listed in number 1

23                    above; and

24                    d.  Ten copies of the second amended complaint, including the exhibits

25                    attached thereto, filed April 11, 2007.

26  /////

1          4.  Plaintiff shall not attempt to effect service of the second amended complaint on

2   defendants or request a waiver of service of summons from any defendant.  Upon receipt of the

3   above-described documents, the court will direct the United States Marshal to serve the above-

4   named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5          5.  Plaintiff's May 11, 2007 and March 28, 2008, requests for injunctive relief are

6   denied without prejudice.

7          6.  Plaintiff's April 3, 2008 request for appointment of counsel is denied.

8   DATED: May 22, 2008.

9

10                                          _Dale A. Drozd_____

11                                          DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

12   DAD:9
     nels1289.1am

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND PAUL NELSON,

11              Plaintiff,                    No. CIV S-06-1289 LKK DAD P

12        vs.

13   D.L. RUNNELS, et al.,                    NOTICE OF SUBMISSION

14              Defendants.                   OF DOCUMENTS

15   _____/

16              Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18              _____   one completed summons form;

19              _____   nine completed USM-285 forms; and

20              _____   ten true and exact copies of the second amended complaint, including the

21                      exhibits attached thereto, filed April 11, 2007.

22   DATED: _____.

23

24                                           _____

25                                           Plaintiff

26