1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND PAUL NELSON,

11            Plaintiff,                    No. CIV S-06-1289 LKK DAD P

12      vs.

13   D.L. RUNNELS, et al.,                  ORDER AND

14            Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  On August 20, 2008, defendants Amero, Dangler, Garbutt,

18   James, Kirk, Nielson, Smith, and Walker filed a motion to dismiss, arguing that plaintiff's

19   second amended complaint fails to state a cognizable claim against them under the First

20   Amendment Free Exercise Clause and that they are entitled to qualified immunity.  Defendants

21   also argue that plaintiff's state law claims should be dismissed because he has not complied with

22   the California Tort Claims Act.  Plaintiff has filed an opposition to defendants' motion, in which

23   he requests to voluntarily dismiss defendant Garbutt.[1]  Defendants have not filed a reply.

24   _____

25        [1]  Pursuant to Fed. R. Civ. P. 41(a), plaintiff's request to voluntarily dismiss defendant
     Garbutt shall be honored.  For purposes of resolving the pending motion to dismiss, the court
26   will only address the parties' arguments as they relate to the remaining defendants.

                                            1

**BACKGROUND**

Plaintiff is proceeding on his second amended complaint against defendants Amero, Briddle, Dangler, Garbutt, James, Kirk, Nielson, Smith, and Walker.  Therein, he alleges as follows.  On or about September 21, 2002, while housed at CSP-Solano, defendant Walker began "stockpiling" rules violation reports against plaintiff for not complying with the California Department of Corrections and Rehabilitation ("CDCR") hair-length grooming regulation. Because of plaintiff's numerous rules violation reports, defendant Nielsen informed him at his disciplinary hearing that he would be transferred to a Level IV prison if he did not cut his hair. Subsequently, defendant Kirk did in fact transfer plaintiff to a Level IV prison, High Desert State Prison ("HDSP").  (Sec. Am. Compl. at 3-4 & Exs. B, C, D, H.)

After his arrival at HDSP, defendant Briddle assigned plaintiff A2B status effective July 1, 2003.  However, at plaintiff's annual review on November 4, 2004, defendant Briddle improperly increased his classification status from A2B to C/C because of the numerous rules violation reports against him.  Defendant Amero repeatedly denied plaintiff  access to religious services.  According to plaintiff, defendant Amero denied him "unlocks" on March 21, 2004, and May 2, 2004, in retaliation for his filing of an inmate appeal.  (Sec. Am. Compl. at 4-6 & Exs. B, C, D, E, G, H.)

Finally, while housed at HDSP, defendant Smith informed plaintiff that he and his cellmate would be transferred to the lower D-yard.  They protested the transfer because white inmates from the B-yard were being brutally stabbed and beaten on the D-yard.  Nevertheless, defendant Dangler moved plaintiff and his cellmate to D-yard.  In so doing, defendant Smith and Dangler violated various regulations and classification rules.  On August 9, 2005, plaintiff was the victim of a battery on the D-yard and suffered injuries to his nose, eye, head, and face. Plaintiff saw defendants Garbutt and James for medical treatment, but they did not provide him with adequate medical care.  (Sec. Am. Compl. at 5, 7, 9 & Exs. H, J.)

/////

1          Plaintiff claims that the defendants have violated his rights under the First

2    Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act

3    ("RLUIPA").  In addition, plaintiff claims that the defendants have retaliated against him.

4    Plaintiff also claims that the defendants have violated his rights under the Eighth Amendment by

5    failing to protect him and for being deliberately indifferent to his medical needs.  Finally,

6    plaintiff claims that the defendants have been grossly negligent and caused him emotional

7    distress and pain and suffering.  By way of relief, plaintiff requests damages, injunctive relief,

8    and any further relief the court deems necessary and proper.  (Sec. Am. Compl. at 1-3 (Legal

9    Claims & Prayer for Relief).)

10                              **THE PARTIES' ARGUMENTS**

11   I.  Defendants' Motion

12         Counsel for defendants argues that plaintiff has failed to state a cognizable First

13   Amendment Free Exercise Clause claim against defendants Walker, Kirk, and Neilsen.

14   Specifically, counsel notes that plaintiff has alleged that the defendants disciplined him for

15   refusing to cut his hair even though doing so would violate his religious beliefs.  However,

16   counsel argues, the Ninth Circuit has upheld the constitutionality of CDCR's hair-length

17   regulation against such a First Amendment challenge.  (Defs.' Mot. to Dismiss at 4.)

18         In addition, counsel argues that the defendants are entitled to qualified immunity

19   from plaintiff's damages claims under both the First Amendment and RLUIPA.  Counsel argues

20   that in 2002-2004, when the defendants allegedly disciplined plaintiff for refusing to cut his hair,

21   the Ninth Circuit had not clearly established that defendants' conduct violated either the First

22   Amendment or RLUIPA.  In this regard, counsel argues that reasonable officers in defendants'

23   positions would not have known that their alleged conduct was unlawful.  (Defs.' Mot. to

24   Dismiss at 4-6.)

25         Counsel also argues that plaintiff's state law claims are barred because he has not

26   alleged that he has complied with the California Tort Claims Act ("CTCA") claims presentation

1  requirement.  Counsel for the defendants notes that under California law, before a plaintiff may

2  bring any lawsuit alleging state tort claims, he must file a claim with the Victim Compensation

3  and Government Claims Board ("Board").  Counsel contends that, absent facts showing

4  compliance with that procedure, plaintiff has not pled sufficient facts with respect to an element

5  for each of his state law claims.   (Defs.' Mot. to Dismiss at 7-8.)

6         Finally, counsel argues that plaintiff's request for injunctive relief has been

7  rendered moot because CDCR has since revised the grooming regulation that plaintiff challenges.

8  (Defs.' Mot. to Dismiss at 8-9.)  Counsel notes that under the revised regulation an inmate may

9  keep his hair at any length as long as it does not cover his eyebrows, face, or pose a health and

10  safety risk.  (Id.)

11  II.  Plaintiff's Opposition

12         In opposition to defendants' motion to dismiss, plaintiff argues that the defendants

13  are not entitled to qualified immunity.  Specifically, plaintiff argues that RLUIPA had been in

14  effect for more than three years at the time of the alleged violations so all of the defendants had

15  ample opportunity to evaluate the rules and guidelines governing conduct in this area.  (Pl.'s

16  Opp'n to Defs.' Mot. to Dismiss at 1-2.)

17         Plaintiff also argues that he has complied with the CTCA claims presentation

18  requirement.  In this regard, plaintiff has attached as an exhibit to his opposition a copy of his

19  Government Claims Form upon which the Board stamped "RECEIVED" on January 19, 2006.

20  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 3-4 & Ex.)

21         Finally, plaintiff agrees that his request for injunctive relief has been rendered

22  moot since CDCR has revised the grooming regulation at issue in this action.  (Pl.'s Opp'n to

23  Defs.' Mot. to Dismiss at 4.)

24         **LEGAL STANDARDS APPLICABLE TO A MOTION TO DISMISS**

25         A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

26  Procedure tests the legal sufficiency of the complaint.  North Star Int'l v. Arizona Corp.

1  Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it,

2  "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

3  under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

4  1990).  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  To

5  survive dismissal for failure to state a claim a complaint must contain more than "a formulaic

6  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

7  raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S.

8  544, ___, 127 S. Ct. 1955, 1965 (2007).

9           In determining whether a pleading states a claim, the court accepts as true all

10  material allegations in the complaint and construes those allegations, as well as the reasonable

11  inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v.

12  King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.

13  738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a

14  motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen,

15  395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations,

16  unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643

17  F.2d 618, 624 (9th Cir. 1981).

18           In general, pro se pleadings are held to a less stringent standard than those drafted

19  by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe

20  such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

21  However, the court's liberal interpretation of a pro se complaint may not supply essential

22  elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

23  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

24  /////

25  /////

26  /////

5

**ANALYSIS**

I.  First Amendment Free Exercise Claims

"[C]onvicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison."  Bell v. Wolfish, 441 U.S. 520, 545 (1979). However, a prisoner's First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."  McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). In particular, a prisoner's constitutional right to free exercise of religion must be balanced against the state's right to limit First Amendment freedoms in order to attain valid penological objectives such as rehabilitation of prisoners, deterrence of crime, and preservation of institutional security. See O'Lone v. Shabazz, 482 U.S. 342, 348 (1987); Pell v. Procunier, 417 U.S. 817, 822-23 (1974).  These competing interests are balanced by applying a "reasonableness test."  McElyea, 833 F.2d at 197.  "Regulations that impinge on an inmate's constitutional rights will be upheld only if they are reasonably related to legitimate penological interests."  Henderson v. Terhune, 379 F.3d 709, 712 (9th Cir. 2004) (citing Turner v. Safley, 482 U.S. 78 (1987)).

In Henderson, a Native American state prisoner brought a § 1983 action, claiming that CDCR's hair-length regulation violated his rights under the First Amendment Free Exercise Clause.  Henderson, 379 F.3d at 711.  Disagreeing, the Ninth Circuit held that CDCR's hair-length regulation was reasonably related to legitimate penological interests.  Id. at 715.  The Ninth Circuit explained that there was a clear connection between CDCR's hair regulation and its desire to prevent inmates from quickly changing their appearance after an escape, hiding weapons and contraband in their hair, displaying gang-related hairstyles, and maintaining a safe and clean prison environment.  Id. at 713.  The court recognized that Henderson's hair length involved a strict religious prohibition but determined that accommodating the inmate's desire to keep his hair long would burden prison guards, other inmates, and prison resources.  The court

/////

1    also determined that there were no alternatives to the hair-length policy that could accommodate

2    the inmate's wishes at a de minimis cost to the prison.  Id. at 715.

3            Here, plaintiff claims that defendants Walker, Kirk, and Neilsen punished him for

4    not complying with CDCR's hair-length regulation in violation of the First Amendment Free

5    Exercise Clause.  Under the decision in Henderson, however, plaintiff's First Amendment claims

6    are foreclosed as a matter of law.  The Ninth Circuit clearly held that California's hair-length

7    regulation was reasonably related to legitimate penological interests and that inmates do not have

8    a constitutional right to keep their hair at any length.  Henderson, 379 F.3d at 715; see also

9    Hypolite v. Cal. Dep't of Corrs., No. CIV S-05-0428 MCE DAD P, 2007 WL 2239214 *6 (E.D.

10   Cal. July 31, 2007) ("as a matter of law, the CDCR [hair-length] grooming regulation challenged

11   here does not violate the First Amendment"); Johnson v. CDC, No. Civ. S-04-1783 FCD KJM P,

12   2008 WL 707280, *2 (E.D. Cal. Mar. 14, 2008) (Henderson precludes plaintiff from obtaining

13   relief under the First Amendment.").  Accordingly, defendants' motion to dismiss plaintiff's First

14   Amendment Free Exercise claims against defendants Walker, Kirk, and Neilsen should be

15   granted.

16   II.  Qualified Immunity[2]

17            "Government officials enjoy qualified immunity from civil damages unless their

18   conduct violates 'clearly established statutory or constitutional rights of which a reasonable

19   person would have known.'"  Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (per curiam)

20   (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The threshold question for a court

21   required to rule on a qualified immunity defense is whether the facts alleged, taken in the light

22   most favorable to the plaintiff, demonstrate that the defendants' conduct violated a statutory or

23   constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If no such right would have

24

25            [2]  In light of the recommendation that plaintiff's claims under the First Amendment Free
     Exercise Clause be dismissed, the court will only address defendants' qualified immunity
26   argument as it applies to plaintiff's RLUIPA claims.

1  been violated even if the plaintiff's allegations were established, "there is no necessity for further

2  inquiries concerning qualified immunity." Id.

3        If a violation of a statutory or constitutional right is demonstrated by the plaintiff's

4  allegations, the court's next inquiry is "whether the right was clearly established." Id. This

5  inquiry must be undertaken in light of the specific context of the case. Id. In deciding whether

6  the plaintiff's rights were clearly established, "[t]he proper inquiry focuses on whether 'it would

7  be clear to a reasonable officer that his conduct was unlawful in the situation he confronted' . . .

8  or whether the state of the law in [the relevant year] gave 'fair warning' to the officials that their

9  conduct was unconstitutional." Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) (quoting

10  Saucier, 533 U.S. at 202) (citing Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 2511 (2002)).

11  Because qualified immunity is an affirmative defense, the burden of proof initially lies with the

12  official asserting the defense. Harlow, 457 U.S. at 812; Houghton v. South, 965 F.2d 1532, 1536

13  (9th Cir. 1992); Benigni v. City of Hemet, 879 F.2d 473, 479 (9th Cir. 1989).

14        Even assuming that defendants violated plaintiff's rights under RLUIPA,

15  plaintiff's statutory rights in this regard were not clearly established at the time in question. See

16  Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005). In Warsoldier, the Ninth Circuit held

17  that CDCR's hair-length regulation violated RLUIPA. However, Warsoldier was not decided

18  until July 29, 2005. Several courts have concluded that prior to the Ninth Circuit decision in

19  Warsoldier, California prison officials did not have fair warning that the grooming regulation

20  then in effect violated RLUIPA. As one district court observed:

21        Before Warsoldier, several courts, including the Ninth Circuit, had
   addressed whether prison grooming regulations satisfied

22        RLUIPA's predecessor statute, the Religious Freedom Restoration
   Act ("RFRA"), and concluded that they did. . . . In light of these

23        cases, and the absence of case law applying RLUIPA to prison
   grooming standards before Warsoldier, it would not have been

24        apparent to a reasonable official that the CDCR's former grooming
   policy was unlawful.

25

26  /////

David v. Giurbino, 488 F. Supp. 2d 1048, 1059 (S.D. Cal. 2007) (finding that prison officials were entitled to qualified immunity in connection with a rules violation report with respect to hair length issued in December of 2003). See also Haley v. Donovan, 250 Fed. Appx. 202, 2007 WL 2827478, *1 (9th Cir. 2007) (holding that it was not clearly established in 2001 and 2002 that grooming regulation requiring short hair violated RLUIPA);[3] Hypolite v. Cal. Dep't of Corrs., No. CIV S-05-0428 MCE DAD P, 2008 WL 4218471, *4 (E.D. Cal. Sept. 8, 2008) (qualified immunity granted in connection with a rules violation report issued in 2001); Johnson v. CDC, No. CIV. S-04-1783 FCD KJM P, 2008 WL 707280, *3 (E.D. Cal. Mar. 14, 2008) ("Because all of the allegations made by plaintiff concern actions taken in 2003, well before July 29, 2005, defendants are entitled to immunity in the face of plaintiff's RLUIPA claims."); Holley v. Cal. Dep't of Corrs., No. CIV. S-04-2006 MCE EFB P, 2007 WL 586907, *2, 11 (E.D. Cal. Feb 23, 2007) (qualified immunity granted in connection with disciplinary action taken in 2004 where all disciplinary charges filed against plaintiff between August and October of 2005 were later dismissed with all penalties vacated and credits restored); Watts v. Dir. of Corrs., No. CIV F-03-5365 OWW DLB P, 2006 WL 2320524, *6 (E.D. Cal. Aug. 10, 2006) (qualified immunity granted in connection with a rules violation report issued in 2002).

In this case, defendants allegedly violated plaintiff's rights under RLUIPA between 2002 and 2004. However, the Ninth Circuit did not clearly establish plaintiff's rights under RLUIPA until 2005 when it decided Warsoldier. Thus, reasonable prison officials in the defendants' position could not have known at the time that their actions violated plaintiff's clearly established rights under RLUIPA. Accordingly, defendants' motion to dismiss plaintiff's damages claims under RLUIPA on grounds of qualified immunity should be granted.

/////

---

[3] Citation to this latter unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

III.  Plaintiff's State Law Claims

        Under the CTCA, plaintiff may not maintain an action for monetary damages against a public employee unless he has first presented a written claim to the state Victim Compensation and Government Claims Board, and the Board has acted on it.  See Cal. Gov't Code §§ 905, 905.2, 945.4, & 950.2; see also State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237, 1239 (2004); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) (state law claims are subject to dismissal for failure to comply with the CTCA claims presentation requirement); Spence v. State of California, No. CIV S-03-1195 LKK DAD P (E.D. Cal. Oct. 1, 2004) (dismissing plaintiff's state constitutional claims for failure to comply with CTCA claims presentation requirement).

        In his second amended complaint, plaintiff alleges that he "is stating a claim under Federal and State Tort violations under the Court's supplemental jurisdiction for gross negligence, emotional distress and pain and suffering."  (Sec. Am. Compl. at 1 (Legal Remedies).)  However, plaintiff has not pled or otherwise demonstrated compliance with the CTCA claims presentation requirement.  In his opposition to defendants' motion, plaintiff argues that he did submit his claims to the Board and has complied with the CTCA claims presentation requirement.  In this regard, plaintiff has attached to his opposition as an exhibit a copy of the first page his Government Claims Form stamped "RECEIVED" by the Board on January 19, 2006.  On plaintiff's incomplete Government Claims Form, he wrote that his claim was against "3 watch sergeants & Lieutenant D-Yard Program Officers High Desert State Prison Susanville California July 19, 2005."  He also wrote that the date of the incident of which he complains "started Nov 11, 2003, July 19, 2005, (Incident August 9, 2005)."  It is not clear from the exhibit attached to plaintiff's opposition whether he completed the Government Claims Form or attached any additional sheets to the form when it was submitted to the California Victim Compensation and Government Claims Board, .  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 3 & Ex.)
/////

1   The California Supreme Court has held that,

2   a plaintiff need not allege strict compliance with the [CTCA's]
    statutory claim presentation requirement.  Courts have long
3   recognized that [a] claim that fails to substantially comply with
    sections 910 and 910.2, may still be considered 'a claim presented'
4   if it puts the public entity on notice both that the claimant is
    attempting to file a valid claim and that litigation will result if the
5   matter is not resolved.

6   Bodde, 32 Cal. 4th at 1245.

7   Based upon the incomplete Government Claims Form submitted by plaintiff in

8   connection with this motion, the court cannot find that plaintiff fairly informed the defendants of

9   his claims or notified them that litigation would ensue if the matter was not resolved.  See Cal.

10  Gov't Code § 910 (listing required contents of a claim).  Nor can the court find that the Board

11  acted on plaintiff's complaint.  In fact, plaintiff acknowledges in his opposition to defendants'

12  motion to dismiss that the Board may not have acted on his complaint.  In this regard, plaintiff

13  states that he did not "seal the envelope . . . and can only guess that someone within the

14  department tampered with my documents."  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 3.)  Under

15  these circumstances, the court concludes that plaintiff has not sufficiently alleged compliance

16  with the CTCA claims presentation requirement.  Karim-Panahi, 839 F.2d at 627.  Accordingly,

17  defendants' motion to dismiss plaintiff's state law claims should be granted, and plaintiff's state

18  law claims should be dismissed without prejudice in the event that plaintiff is able to plead and

19  demonstrate compliance with the CTCA claims presentation requirement at a later date.  Id.

20  IV.  Request for Injunctive Relief

21  "Mootness is like standing, in that if it turns out that resolution of the issue

22  presented cannot really affect the plaintiff's rights, there is, generally speaking, no case or

23  controversy for the courts to adjudicate; no real relief can be awarded."  Smith v. Univ. of

24  Washington Law School, 233 F.3d 1188, 1193 (9th Cir. 2000).  "Where the activities sought to

25  be enjoined already have occurred, and the . . . courts cannot undo what has already been done,

26  the action is moot, and must be dismissed."  Bernhardt v. County of Los Angeles, 279 F.3d 862,

1   871 (9th Cir. 2002).  See also Demery v. Arpaio, 378 F.3d 1020, 1025-26 (9th Cir. 2004) ("[A]

2   suit for injunctive relief is normally moot upon the termination of the conduct at issue[.]");

3   David, 488 F. Supp. 2d at 1056 (request for injunctive relief from [hair-length] grooming

4   regulation rendered moot in light of revision allowing inmates to keep hair at any length).

5        Here, plaintiff concedes that his request for injunctive relief has been rendered

6   moot because the grooming regulation at issue in this case has been revised.  See Cal. Code

7   Regs. tit. 15, § 3062(e) ("An inmate's hair may be any length . . . .").  In light of the authorities

8   cited above, plaintiff's concession is well-taken.  Accordingly, defendants' motion to dismiss

9   plaintiff's request for injunctive relief as moot should be granted.

10                            **OTHER MATTERS**

11        Plaintiff has also filed two motions to compel.  In the first such motion, plaintiff

12   explains that on November 21, 2008, defendants submitted answers to his interrogatories and

13   request for production of documents but those responses did not reveal what defendants'

14   responsibilities are nor did they provide plaintiff with written guidelines of operation as plaintiff

15   had requested.  In his second motion, plaintiff explains that on December 4, 2008, defendants

16   Smith, Amero and James submitted responses to his first set of interrogatories but that those

17   responses were generally "ineffective" in answering the questions presented.

18        At this time, the court will deny plaintiff's motions to compel without prejudice.

19   Plaintiff has not submitted copies of his original discovery requests in connection with his

20   motion nor has he provided the court with defendants' responses thereto.  Plaintiff has also failed

21   to sufficiently explain why defendants' responses to his discovery requests are inadequate.  If

22   plaintiff wishes to renew his motions to compel, he should re-submit the motions, together with

23   copies of his original interrogatories and requests for production and defendants' responses

24   thereto that he believes were insufficient.  If he chooses to pursue a motion to compel plaintiff

25   should also explain why he believes defendants' responses to his discovery requests are

26   inadequate.  Plaintiff is cautioned, however, that the court will not compel defendants to respond

to discovery requests that are overbroad and burdensome or that do not appear reasonably calculated to lead to the discovery of admissible evidence.  Nor will the court compel defendants to produce documents that do not exist or are not in the defendants' possession or control.  See Fed. R. Civ. P. 34(a)(1).

Finally, on July 9, 2008, the court informed plaintiff that the United States Marshal was unable to effect service on defendant Briddle.  The court advised plaintiff that if he wished to proceed with his claims against defendant Briddle, he needed to provide the court with additional information that would enable the Marshal to serve this defendant.  The court cautioned plaintiff that when service of a complaint is not made upon a defendant within 120 days after the complaint was filed, the court may be required to dismiss the plaintiff's claims against that defendant.  See Fed. R. Civ. P. 4(m).  In this case, the undersigned finds that plaintiff cannot show good cause for the failure to effect service on defendant Briddle.  Discovery has been open in this case since September 4, 2008, but plaintiff still has not provided the court with the additional information necessary to enable the United States Marshal to serve defendant Briddle.  Accordingly, defendant Briddle should be dismissed from this action.

## CONCLUSION

IT IS HEREBY ORDERED that:

1.  Plaintiff's September 8, 2008 request to dismiss defendant Garbutt from this action (Doc. No. 41) is granted;

2.  Defendant Garbutt is dismissed; and

3.  Plaintiff's December 10, 2008 and December 19, 2008 motions to compel (Doc. Nos. 46 & 47) are denied without prejudice.

IT IS HEREBY RECOMMENDED that defendants' August 20, 2008 motion to dismiss (Doc. No. 36) be granted as follows:

1.  Defendants' motion to dismiss plaintiff's First Amendment Free Exercise claims against defendants Walker, Kirk, and Neilsen be granted;

13

1            2.  Defendants' motion to dismiss plaintiff's damages claims under RLUIPA on

2  grounds that the defendants are entitled to qualified immunity be granted;

3            3.  Defendants' motion to dismiss plaintiff's state law claims for failure to comply

4  with the CTCA claims presentation requirement be granted and plaintiff's state law claims be

5  dismissed without prejudice;

6            4.  Defendants' motion to dismiss plaintiff's request for injunctive relief as moot

7  be granted; and

8            5.  Defendants Briddle, Kirk, Neilsen, and Walker be dismissed from this action

9  and the case be allowed to proceed only on plaintiff's claims against defendants Amero, Dangler,

10  James, and Smith and in accordance with the court's September 4, 2008 discovery order.

11            These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15  shall be served and filed within ten days after service of the objections.  The parties are advised

16  that failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: January 28, 2009.

19

20                              _____

21                              DALE A. DROZD

                                UNITED STATES MAGISTRATE JUDGE

22  DAD:9

    nels1289.57

23

24

25

26