IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND PAUL NELSON,

        Plaintiff,                        No. CIV S-06-1289 LKK DAD P

   vs.

D.L. RUNNELS, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court are several of plaintiff's motions.

        First, plaintiff has filed two virtually identical motions for appointment of counsel. As the court has previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

1

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Plaintiff has also filed a motion to obtain the attendance of certain incarcerated witnesses at trial.  At this time, plaintiff's motion is premature.  Discovery is still open, and the deadline for filing dispositive motions has not passed.  After the court rules on any forthcoming dispositive motions or upon expiration of the time to file dispositive motions, the parties will be required to file pretrial statements.  At that time, plaintiff may submit a motion making a particularized showing to obtain the attendance of incarcerated witnesses at trial.

Finally, plaintiff has filed a motion to compel further discovery in which he argues that defendants' responses to his first set of interrogatories are ineffective.  Specifically, plaintiff argues that defendant Smith failed to adequately respond to his interrogatory number 8 and completely failed to respond to his interrogatory numbers 9 and 10.  Plaintiff also argues that defendant Amero failed to adequately respond to interrogatory numbers 5, 6, 7, and 9.  Plaintiff maintains that he is being prejudiced because the defendants are withholding information that would allow him to prove the allegations in this case.  (Pl.'s Mot. to Compel. at 1-3.)

This court does not hold litigants proceeding pro se to the same standards that it holds attorneys.  However, at a minimum, as the moving party plaintiff has the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.  See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's

motion."); <u>Ellis v. Cambra</u>, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

        Here, plaintiff has not attached copies of his discovery requests or defendants' responses thereto to his motion to compel. Nor has plaintiff reproduced the above-mentioned interrogatories and defendants' responses thereto in his motion. Plaintiff is advised that the court is unable to rule on his motion to compel in its present form because it is not clear what plaintiff was asking for in his discovery requests or whether plaintiff's discovery requests were proper. It is also unclear how defendants' responded to plaintiff's discovery requests or why defendants' responses were inadequate, if at all. Accordingly, the court will deny plaintiff's motion without prejudice. Discovery is still open in this matter. Accordingly, plaintiff may file a renewed motion to compel in accordance with this order if he so desires.

        The court notes that defendants did not file any opposition to plaintiff's motion to compel. Defense counsel is reminded that, under the court's May 23, 2008 order, all motions concerning discovery shall be briefed pursuant to Local Rule 78-230(m). Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's June 2, 2009 and June 30, 2009 motions for appointment of counsel (Doc. Nos. 56 & 60) are denied;

        2. Plaintiff's June 2, 2009 motion to obtain the attendance of certain incarcerated witnesses at trial (Doc. No. 57) is denied as premature; and

/////

/////

/////

/////

1      3.  Plaintiff's June 2, 2009 motion to compel (Doc. No. 58) is denied without
2  prejudice.
3  DATED: August 27, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
nels1289.mots

4