IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND PAUL NELSON,

      Plaintiff,                    Case 2:06-cv-1289 LKK KJN P

    vs.

D.L. RUNNELS, et al.,

      Defendants.               ORDER

_____/

        The parties' pretrial statements, pending before the district judge, identify two matters that are properly addressed by the undersigned:  (1) the inadequacy of plaintiff's declaration in support of his request to obtain the trial attendance of incarcerated witnesses; and (2) plaintiff's request for an extension of time within which to file an amended witness list that includes expert medical witnesses.

I.  <u>Trial Attendance of Incarcerated Witnesses</u>

        Plaintiff, a former state prisoner, has filed an affidavit in support of his request to obtain the attendance of two incarcerated witnesses who have agreed to testify at the trial in this action, scheduled to commence on August 16, 2011.  However, plaintiff's affidavit (Dkt. No. 89) fails to meet the requirements set forth in this court's order filed May 27, 2009 (Dkt. No. 55).  Therefore, plaintiff will be given the opportunity to file a new affidavit that conforms with the

1

following requirements, and to file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  Because plaintiff seeks the attendance of both incarcerated and unincarcerated witnesses, as explained in this court's prior order, the following information sets forth the procedures for obtaining the trial attendance of all witnesses:

Procedures for Obtaining Attendance of Incarcerated Witnesses
Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

1. The prospective witness is willing to attend;
And
2. The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

1. State the name, CDC Identification number, and address of each such witness;
And
2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1. The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed.  The party must state in the affidavit when and where the prospective witness informed the party of this willingness;
Or
2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1. The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts.

For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

<u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

<u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

<u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the <u>daily witness fee of $40.00 plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the <u>full amount of the witness' travel expenses plus the daily witness fee of $40.00</u>, and a copy of the court's order granting

3

plaintiff in forma pauperis status. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

II. <u>Amended Witness List</u>

Plaintiff seeks an extension of time within which to file an amended witness list that includes expert medical witnesses. (Dkt. No. 90 at 11.) Although plaintiff has not stated a reason for the delay, because plaintiff is proceeding without counsel in this action, the request will be granted. Plaintiff is reminded of the requirements, set forth above, for obtaining the attendance at trial of unincarcerated witnesses.

III. <u>Order</u>

Within fourteen (14) days after the filing date of this order, plaintiff shall submit to the court the following:

1. A new affidavit and motion to obtain the trial attendance of plaintiff's incarcerated witnesses. If plaintiff seeks to obtain an affidavit from either incarcerated witness, plaintiff should forward a copy of this order to the institution in which the witness is incarcerated, and that institution is hereby requested to accommodate and expedite the witness's participation and reply to plaintiff's request;

2. An amended witness list that includes plaintiff's medical expert witnesses; and

3. If additional time is required to complete either of these matters, plaintiff shall file a timely request for a *very limited* extension of time, and such request shall demonstrate plaintiff's due diligence in attempting to timely comply with this order.

SO ORDERED.

DATED: April 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nels1289.pl.aff.