IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND PAUL NELSON,

    Plaintiff,                    No. 2:06-cv-1289 LKK KJN P

    vs.

D.L. RUNNELS, et al.,

    Defendants.               ORDER TO SHOW CAUSE

_____/

        This prisoner civil rights action is scheduled for trial to commence on September 20, 2011, preceded by a Trial Confirmation Hearing on July 18, 2011.  Plaintiff, who is no longer incarcerated, proceeds in this action without counsel and in forma pauperis.  A Pretrial Conference was scheduled for June 2, 2011, before the undersigned and on the papers, but plaintiff has failed to file all necessary information.

        On May 6, 2011, this court granted plaintiff's request for an extension of time to comply with this court's order filed April 20, 2011, which requires plaintiff to file an amended motion, with supporting affidavits, to obtain the trial attendance of his incarcerated and/or involuntary witnesses, and to file an amended comprehensive witness list that includes plaintiff's medical expert witnesses.  Pursuant to the extension of time, plaintiff was directed to file these matters on or before May 27, 2011.  (See Dkt. No. 97; see also Dkt. No. 94.)

1

Plaintiff has filed neither matter, and has not otherwise communicated with the court.

Plaintiff is informed that, pursuant to Local Rule 110, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L.R. 110.  Moreover, Local Rule 183(a) provides:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

E. D. Cal. L.R. 183(a); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to:  prosecute the case, comply with the court's orders, or comply with the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Authority of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (district courts have inherent power to control their dockets and may impose sanctions including dismissal).

Although plaintiff's Pretrial Statement, filed March 25, 2011 (Dkt. No. 90), has provided all other information necessary for the preparation of a Pretrial Order, the court still requires plaintiff's amended motion, with supporting affidavits, to obtain the trial attendance of plaintiff's incarcerated and/or involuntary witnesses, and an amended witness list that includes plaintiff's expert witnesses.

For these reasons, IT IS HEREBY ORDERED that, within seven (7) days after the filing date of this order, plaintiff shall:  (1) show cause in writing why he did not timely comply with this court's orders filed May 6, 2011, and April 20, 2011 (Dkt. Nos. 94, 97); (2) submit an amended motion, with supporting affidavits, to obtain the trial attendance of plaintiff's incarcerated and/or involuntary witnesses; and (3) submit an amended comprehensive witness list that includes all of plaintiff's witnesses, including his medical expert witnesses.  If plaintiff still lacks sufficient information to submit matters (2) and/or (3), he shall file a declaration identifying such information, explaining the reasons(s) for the delay, and setting forth a plan for obtaining such information and filing it with the court by a specified certain date.  The court will then determine whether to discharge this order to show cause, issue a partial Pretrial Order, and/or recommend to the district judge that sanctions be imposed.

SO ORDERED.

DATED:  June 6, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nels1289.OSC.6.3.11

3