IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND PAUL NELSON,

     Plaintiff,                   Case 2:06-cv-1289 LKK KJN P

    vs.

D.L. RUNNELS, et al.,

     Defendants.            <u>ORDER</u>

_____/

        On June 7, 2011, this court issued an order to show cause directing plaintiff to explain his failure to comply with the court's May 6, 2011 order requiring that plaintiff file an amended motion and affidavit in support of his request to obtain the attendance of incarcerated witnesses. Plaintiff timely responded to the court's order to show cause, and attached a copy of his amended motion and affidavit, which bear a timely file-stamp by this court. The undersigned has ascertained that these matters were timely submitted but, due to court error, not timely docketed. Plaintiff's amended motion and affidavit have now been docketed (Dkt. Nos. 100, 101), and set forth the same information plaintiff has again provided in his response to the order to show cause (Dkt. No. 99). Therefore, plaintiff timely complied with the court's May 6, 2011 order. Accordingly, the order to show cause is discharged.

////

1   In his Pretrial Statement (Dkt. No. 90), plaintiff listed two defendants, both
2  incarcerated at that time: Jason Hogan and Joshua Christenson (initially spelled "Josh
3  Christianson"). (Id. at 10.) Plaintiff requested additional time to file an amended witness list
4  that would include an "expert medical witness and additional inmate testimony as outstanding
5  declarations have not been submitted." (Id. at 11.) Plaintiff was twice granted such additional
6  time, up to and including May 27, 2011. (Dkt. Nos. 94, 97.)

7   In his amended motion and supporting affidavit, plaintiff addresses only the
8  testimony of witness Joshua Christenson, who is presently incarcerated at Centinella State
9  Prison. Plaintiff has filed an affidavit setting forth Mr. Christenson's alleged actual knowledge
10 of relevant facts, and his refusal to testify voluntarily. These filings comport with the
11 informational requirements for obtaining the trial attendance of an involuntary incarcerated
12 witness. (See Dkt. Nos. 55, 94.) The court is persuaded that Mr. Christenson is a material
13 witness to the relevant facts in this case. Plaintiff's motion to compel the trial attendance of Mr.
14 Christenson is therefore granted; the court will issue a timely writ ad testificandum to obtain the
15 attendance of Mr. Christenson at trial.

16   Plaintiff does not presently address the testimony of Jason Hogan, but again lists
17 him as a witness. (Dkt. No. 99 at 4; Dkt. No. 100 at 2.) In his first request for an extension of
18 time, plaintiff noted that Jason Hogan had been paroled. (Dkt. No. 95 at 1-2.) Plaintiff earlier
19 filed Mr. Hogan's declaration expressing his willingness to testify. (Dkt. No. 75 at 6-7; see also
20 Dkt. No. 89 at 1.) Because Mr. Hogan is a willing, unincarcerated witness, no court action is
21 required to obtain his attendance at trial. (See Dkt. Nos. 55, 94.)

22   Plaintiff again states that he has not yet obtained an expert witness due to his
23 indigent status, but states that he is attempting to obtain the assistance of counsel in this regard.
24 (Dkt. No. 99 at 1.) No court action is required at this time. Plaintiff is referred to the court's
25 Pretrial Order, filed contemporaneously with this order, which sets forth the requirements for
26 informing the court of any witnesses that are currently unlisted. (See Pretrial Order, "Witnesses,"

Section "E.")

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The court's order to show cause filed June 7, 2011 (Dkt. No. 98) is discharged.

2. Plaintiff's motion to obtain the attendance of incarcerated witness Joshua Christenson (Dkt. No. 100) is granted; the court will issue a timely writ ad testificandum to obtain the attendance of Mr. Christenson at trial.

SO ORDERED.

DATED: June 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nels1289.dsch.osc