IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND PAUL NELSON,

    Plaintiff,                    Case No. 2:06-cv-1289 LKK KJN P

   vs.

D.L. RUNNELS, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a former state prisoner proceeding without counsel in this action filed pursuant to 42 U.S.C. § 1983. Although plaintiff proceeded in forma pauperis while he was incarcerated, his parole necessitated the filing of an updated application. Pursuant to this court's order filed August 30, 2011, plaintiff timely filed an updated application to continue proceeding in forma pauperis (see Dkt. No. 110), and in support of his renewed request for appointment of counsel.

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

        The United States Supreme Court has ruled that district courts lack authority to *require* counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Rather, "[i]n proceedings in forma pauperis, the district

1

1  court may request an attorney to [voluntarily] represent any person unable to afford counsel.  28
2  U.S.C. § 1915(e)(1).  The decision to appoint such counsel is within the sound discretion of the
3  trial court and is granted only in exceptional circumstances.  A finding of the exceptional
4  circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood
5  of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his
6  claims in light of the complexity of the legal issues involved."  <u>Agyeman v. Corrections Corp. of</u>
7  <u>America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations and internal quotations omitted).
8  "Neither of these factors is dispositive and both must be viewed together before reaching a
9  decision on request of counsel under section 1915(d)."  <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,
10  1331 (9th Cir. 1986) (fn. omitted); <u>see also</u>, <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.
11  1991).  <u>See also</u> General Order No. 230, U.S. District Court, Eastern District of California
12  (setting forth criteria and procedures for appointing counsel in Section 1983 cases).

13          The court finds that the instant case presents exceptional circumstances
14  warranting appointment of counsel.  Plaintiff has a reasonable likelihood of prevailing on the
15  merits of one or more of his claims, demonstrated by the fact that this action has survived both a
16  motion to dismiss and a motion for summary judgment.  (<u>See</u> Pretrial Order filed June 17, 2011,
17  setting forth history of case.)  Additionally, although plaintiff effectively defended this action for
18  more than five years, he repeatedly sought the assistance of appointed counsel.  (<u>See</u> Dkt. Nos.
19  10, 22, 27, 61 (addressing plaintiff's five prior motions (each denied) requesting appointment of
20  counsel).)  Since appearing in person before this court in July 2011, plaintiff has been
21  unsuccessful in his substantial efforts to obtain the assistance of counsel, despite two
22  continuances for that specific purpose.  (<u>See</u> Dkt. Nos. 105, 107.)  The court finds that further
23  efforts by plaintiff would be futile.  <u>See</u> General Order No. 230 (plaintiff's substantial efforts to
24  obtain legal representation, and court's finding that further efforts would be futile, are
25  prerequisites to appointment).  In addition, it would be helpful to the court to have the assistance
26  of counsel at trial in this action.  For these several reasons, the court finds that appointment of

counsel is warranted.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's motion to continue proceeding in forma pauperis in this action (Dkt. No. 110) is granted;

        2. Plaintiff's request for appointment of counsel, renewed at the August 29, 2011 status conference, is granted; and

        3. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating forthwith an attorney admitted to practice in this court who is willing to accept this appointment.

        SO ORDERED.

DATED: September 7, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT